RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 1 8 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
for the
Northern District of Georgia
Atlanta Division

Janet Busener
Plaintiff

v.

Case Number: 1:20-CV-0729

Leagle.com
Leagle Inc.
Defendant

Complaint
Please see attached
Documents

To: THE HIGH COURT OF THE UNITED STATES OF AMERICA

2/17/2020

I am unable to work. My inability to pay bills, acquire friends and be well has ruined my life. The court case report of undue process perversion accompanies my name. This feature is built into Google and several other search engines. The source of this plaque is leagle.com – (Leagle Inc.). My unique name has no other affiliations and I have yet to be compensated for my hardship. Companies have made money by using my name without my consent, yet are unwilling to hire me with this same back ground label. The slandering of my reputation appears every time my name is searched, so obtaining a job or volunteering with businesses and organizations is impossible. The continual damage of my name and reputation is not acceptable. Compensation of ten million dollars for lost wages and suffering over my lifetime is due to me. The court case report must be removed from all search engines as soon as possible.

Janet L. Busener

Cell 770 596-6617

Email Truthnews@aol.com

Source: BUSENER v. STATE

188 Ga. App. 392 (1988)

373 S.E. 2d 81

Court of Appeals of Georgia,

The decision was made on September 13, 1988.



  

Home / Browse Decisions / Ga. / 188 Ga. / 188 Ga. App. 392 (1988)

# BUSENER v. STATE

76854.

Email | Print | Comments (0)

**View Case**  Cited Cases  Citing Case

188 Ga. App. 392 (1988)

373 S.E.2d 81

BUSENER v. THE STATE.

Court of Appeals of Georgia.

Decided September 13, 1988.

*Attorney(s) appearing for the Case*

G. Hughel Harrison, for appellant.

Gerald N. Blaney, Jr., Solicitor, for appellee.

BIRDSONG, Chief Judge.

The appellant, Janet Busener, appeals from a jury verdict of

[188 Ga. App. 393]

guilty of one count of solicitation of sodomy and one count of solicitation of sexual intercourse for money. Police officer C. B. Houston, while not on duty during the evening of February 8, 1987, was using a phone in a lounge at a hotel at Gwinnett Place Mall, and observed a female handing out "business cards" to males waiting to use the phone. Officer Houston was given one of the cards which stated: "Janet and Associates" and gave two telephone numbers. He asked her what type of business she was in and she used her finger to spell out: "S E X," and he said: "Oh, sex, and she said, Yes ... then she said it's a lot cheaper than the agencies you would go to." Officer Houston gave the card to his supervisor who assigned the investigation to Officer S. H. Ledford. Ledford checked out the phone numbers listed. One was a home phone and one was a beeper. He called the beeper number and gave the number of an "undercover phone" at the police station which would not come through the police switchboard. About ten minutes after he called the beeper, a female called and said: "Hello, I'm Janet," and asked his name. He told her "Dave" and that he had met her the previous evening at the lounge. He heard her "beeper" go off and she told him she had to "call her agency" and would call him back. She called back in about ten minutes and he asked her the cost of her service. She said $100 per call. The officer wanted to know what he would get for his hundred dollars. She said that she would model lingerie, do a strip dance, give a massage and "engage in the other." They agreed to a meeting at a restaurant next to a motel.

When the officer arrived at the restaurant, he saw two females at a booth and asked: "Janet?" She said, "Dave," and they walked to the motel. The officer again asked what he would get for his hundred dollars: "She stated... she hadn't received any complaints or anything and I asked her, I said, Well, for this hundred dollars do I get half and half? Well, half and half is street logo for prostitution is half oral sex and half sexual intercourse. She stated that I would get that." As the officer inserted the key in the motel door, he asked defendant how long would he have and she replied, "an hour and a half." He told her it would probably be a little longer and placed her under arrest and read her *Miranda* rights to her from a card he carried. After she had been arrested and Mirandized, her pocketbook was searched and found to contain a box of condoms and a "pocket credit card" machine along with blank charge sheets. After being placed in the police car, appellant stated "she was a prostitute and that she had been a prostitute for approximately five years." She requested the police to take custody of her car. Her car was impounded and found to contain "intimate lingerie ..." and a box of business cards stating "Janet and Associates." While enroute to jail, appellant's beeper was called "eight times." Appellant brings this appeal from a jury verdict

[188 Ga. App. 394]

of guilty as to both counts. *Held*:

Appellant enumerates as error only the trial court's refusal to give two requested charges on the defense of "entrapment." "Entrapment" occurs when the criminal design originates not with an accused, but within the mind of a government agent, and the accused is, by persuasion, deceitful misrepresentation, or inducement, lured into the commission of a criminal act he or she is not otherwise predisposed to commit. *Sorrells v. United*

States, 287 U.S. 435, 445 (53 S.C. 210, 77 LE 413), OCGA § 16-3-25. However, artifice and stratagem may be employed to catch those engaged in criminal enterprises and it is not entrapment merely to furnish an opportunity to commit an offense if the individual is predisposed to undertake such commission. *Pennyman v. State,* 175 Ga.App. 405, 407 (333 S.E.2d 659). "Even repeated requests and offers of money do not make out an entrapment situation as a matter of law." *Paras v. State,* 247 Ga. 75, 77 (2) (274 S.E.2d 451). Hence, the entrapment defense is composed of three distinct elements: "(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime." *Keaton v. State,* 253 Ga. 70, 72 (316 S.E.2d 452). "Predisposition" to commit the offense is the key element of this defense. *Johnson v. State,* 147 Ga.App. 92, 93 (248 S.E.2d 168).

In the instant appeal, appellant's solicitation of the police officer precluded a claim that the crime originated with the police. The evidence shows no undue persuasion or incitment to commit the offense, but merely an offer to enter into an agreement to commit the offenses of sodomy and sexual intercourse. Appellant admitted she was a prostitute, and had been engaged in that profession for the past five years and her predisposition to commit these offenses was clearly demonstrated by her business card, her solicitation of the general public, possession of a box of condoms and portable apparatus and blank charge sheets for acceptance of credit card payment for her services. Appellants "conceded predisposition rendered this defense unavailable to [her]." *Hampton v. United States,* 425 U.S. 484, 490 (96 S.C. 1646, 48 LE2d 113).

It was not error for the trial court to refuse to charge on entrapment, when there is no evidence establishing such defense. *Conner v. State,* 251 Ga. 113, 115 (2) (a) (303 S.E.2d 266). These enumerations are without merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

## Comment

Your Name

Your Email

Comments

Submit

1000 Characters Remaining

Leagle.com reserves the right to edit or remove comments but is under no obligation to do so, or to explain individual moderation decisions.

Copyright © 2019, Leagle, Inc.

Disclaimer | Terms of Use | Privacy Statement | Corporate Social Responsibility | About Us | Contact Us