IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET BUSENER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | 1:20-cv-00729-ELR |
| v. | * | |
| | * | |
| LEAGLE.COM, | * | |
| *et al.*, | * | |
| Defendants. | * | |
| | * | |
| | * | |

**O R D E R**

This case is before the Court for a frivolity review pursuant to 28 U.S.C. § 1915(e). Magistrate Regina D. Cannon granted Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP") and directed the Clerk to submit the matter to this Court for a frivolity review [Doc. 2].

I.   **Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a "court shall dismiss [an IFP claim] at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A lawsuit is

considered "frivolous if it is 'without arguable merit either in law or fact.'" Gary v. U.S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). "Dismissal for frivolity is warranted when a claim is based on an indisputably meritless legal theory, [the claim] relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional, or the facts alleged rise to the level of the irrational or the wholly incredible." Gary, 540 F. App'x at 917.

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Reddy v. Gilbert Med. Transcription Serv., Inc., 588 F. App'x 902, 903 (11th Cir. 2014). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); see also Rembert v. Florida, 572 F. App'x 908, 909 (11th Cir. 2014). A complaint fails to state a claim when it lacks "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A plaintiff must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "Nor does a

2

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557).

As is relevant here, complaints pleaded *pro se* are "held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation and internal quotation marks omitted). The Court "must look beyond the labels of filings by *pro se* plaintiffs to interpret them under whatever statute would provide relief." Wilkerson v. Georgia, 618 F. App'x 610, 611 (11th Cir. 2015) (alterations omitted). However, the Court cannot rewrite a deficient pleading, and *pro se* plaintiffs are required to comply with the threshold requirements of the Federal Rules of Civil Procedure. Lizana-Jackson v. U.S.-Dep't of the Treasury, No. 1:13-CV-3815-AT, 2013 WL 7118115, at *2 (N.D. Ga. Nov. 25, 2013).

## II. Discussion

Plaintiff, Janet Busener, brings this complaint against Defendants, Leagle.com and Leagle Inc., seeking $10 million for lost wages and suffering for allegedly slandering her reputation and using her name and likeness without her consent. See [Doc. 3]. Plaintiff claims that Defendants have not only profited from her likeness, but have also slandered her reputation by posting, on their website, the content of a criminal court opinion where Plaintiff's name is the same as the named defendant in the case. Id.

3

As an initial matter, *pro se* complaints are to be construed liberally. Therefore, although Plaintiff asserts a claim of slander, the Court finds from the Complaint that Plaintiff intends to assert a claim of libel. Under Georgia law, libel, or written defamation, is a false and malicious defamation expressed in print, writing, pictures, or signs that tends to injure the reputation of the person and exposes her to public hatred, contempt, or ridicule. See O.C.G.A. § 51-5-1. Furthermore, it is also clear to the Court that Plaintiff intended to bring a claim for violating her right to publicity based on the unauthorized use of her name and likeness. See [Doc. 3]. Pursuant to Georgia law, the right to publicity prohibits "the appropriation of another's name and likeness . . . without consent and for the financial gain of the appropriator . . . where such use is not authorized as an exercise of freedom of the press" Toffoloni v. LFP Publ'g Group, LLC, 572 F.3d 1201, 1205–06 (11th Cir. 2009) (quoting Martin Luther King, Jr., Ctr. For Soc. Change, Inc., v. Am. Heritage Products, Inc., 250 Ga. 135, 143 (1982)). Additionally, the publication of information or incidents that are matters of public record will not constitute a violation of any one's legal right to publicity. Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 494 (1975).

After review of the Complaint, the Court finds Plaintiff's Complaint frivolous due to failure to state a claim. A complaint fails to state a claim when it lacks "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim

4

is and the grounds upon which it rests." Bell Atlantic Corp., 550 U.S. at 555–56 (2007). Furthermore, a plaintiff is required to provide more than vague allegations and conclusions." See id.

Here, Plaintiff's Complaint fails to claim that the allegedly libelous material is false. Additionally, as court opinions are matters of public record, Defendants use of Plaintiff's name and likeness by posting a court opinion to their website does not constitute a violation of Plaintiff's right to publicity. Therefore, as Plaintiff has failed to allege that Defendants made any false statements and the information contained on Defendants' website is a matter of public record, the Court finds Plaintiff's Complaint frivolous due to failure to state a claim. Accordingly, Plaintiff's Complaint must be **DISMISSED** without prejudice.

### III. Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint [Doc. 3] and **DIRECTS** the Clerk to close case 1:19-CV-00729-ELR.

**SO ORDERED**, this 25th day of March, 2020.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

5